E-FILED
Thursday, 16 September, 2021  02:33:30 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| MARY A. EWALT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:21-cv-04156 |
| VALOR INTELLIGENT PROCESSING, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff MARY A. EWALT ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of VALOR INTELLIGENT PROCESSING, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

1

## PARTIES

4.   Plaintiff is a consumer over-the-age of 18 residing in Bureau County, Illinois, which lies within the Central District of Illinois.

5.   Defendant is a third-party debt collection agency "committed to providing high-quality Accounts Receivable Management (ARM) and Debt Recovery solutions, while protecting [its] clients' brand and customers."[1]  Defendant is a limited liability company organized under the laws of the state of Delaware, with its headquarters located at 6703 Southpoint Drive North, Suite 300, Jacksonville, Florida 32216.  Defendant's registered agent in Illinois is located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.  Defendant regularly collects upon consumers across the country, including those residing within the state of Illinois.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action stems from Defendant's attempts to collect upon past due consumer debt that Plaintiff purportedly incurred with *Fingerhut* ("subject debt").

8.   During the summer of 2021, Plaintiff was looking to improve her credit, and upon reviewing her Equifax credit report she discovered an account bearing *Jefferson Capital Systems, LLC*'s ("Jefferson Capital") name, which was reporting the subject debt in an active collection status, as seen below:

---

[1] https://www.valorvip.com/services/

| High Credit | $450 | Owner | INDIVIDUAL |
|---|---|---|---|
| Credit Limit | | Account Type | OTHER |
| Terms Frequency | UNKNOWN | Term Duration | 0 |
| Balance | $450 | Date Opened | Nov 16, 2016 |
| Amount Past Due | $450 | Date Reported | Jun 25, 2021 |
| Actual Payment Amount | | Date of Last Payment | |
| Date of Last Activity | | Scheduled Payment Amount | |
| Months Reviewed | 53 | Delinquency First Reported | Jan 01, 2017 |
| Activity Designator | | Creditor Classification | FINANCIAL |
| Deferred Payment Start Date | | Charge Off Amount | |
| Balloon Payment Date | | Balloon Payment Amount | |
| Loan Type | Debt Buyer Account | Date Closed | |
| Date of First Delinquency | Apr 01, 2016 | | |

**Comments**

Collection account

**Contact**

JEFFERSON CAPITAL SYSTEMS
16 MCLELAND RD
ST CLOUD, MN 56303
1-888-718-0048

9.  Plaintiff's Equifax credit report also denoted the "Date of First Delinquency" as April 1, 2016.

10.  Given the age of the debt, Plaintiff did not recall owing Fingerhut the precise amount set forth in her credit report, so with the assistance of her daughter, Shirley Miller, Plaintiff contacted Jefferson Capital via telephone to ascertain additional information concerning the subject debt appearing on her credit report.

11. Upon speaking with a representative, Plaintiff was informed that Jefferson Capital was not servicing the subject debt, and was told that Defendant, "Valor Intelligent Processing, LLC," was the entity who had servicing rights to the same.

12. Plaintiff was ultimately instructed to call Defendant at phone number (320) 207-5229.

13. Accordingly, Plaintiff contacted Defendant via telephone and spoke with a representative, who informed Plaintiff that Defendant was a debt collector attempting to collect upon the subject debt.

14. Plaintiff advised Defendant's representative that she was confused about the reporting and balance of the subject debt, however, rather than alleviating Plaintiff's concerns, Defendant's representative pressured Plaintiff into making payment, even offering Plaintiff settlement options.

15. The applicable Illinois statute of limitations for the subject debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressly or implied…shall be commenced within 5 years next after the cause of action accrued.  *See* 735 ILCS § 5/13-205.

16. Given the applicable five (5) year Illinois statute of limitations and the fact that the subject debt fell into delinquency on April 1, 2016, as of July 2021, the date in which Plaintiff accessed her credit report and contacted Defendant, the subject debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

17. Despite the time-barred status of the subject debt, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to Plaintiff that the subject debt was time-barred and/or that Defendant could not sue her to collect it.

18. In addition, despite the time-barred status of the subject debt, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability. Rather, Defendant attempted to extract payment from Plaintiff.

4

19. Plaintiff was misled by Defendant's statements, representations and/or omissions directed to her during her conversation with one of its representatives.

20. Confused and concerned about Defendant's collection activity surrounding the subject debt, Plaintiff consulted her attorneys for clarification regarding her rights.

21. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

22. Defendant's conduct carried with it an appreciable risk of harm – namely, that Plaintiff would be subjected to legal liability if she made even just a promise to pay the subject debt.

23. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

24. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

25. Plaintiff has suffered additional concrete harm as a result of Defendant's conduct, including but not limited to: making incorrect financial decisions regarding the subject debt, expending time addressing and dealing with Defendant's confusing and misleading conduct, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt."  Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2019.[2]

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### i.   Violations of the FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> (2) The false representation of -- (A) the character, amount, or legal status of any debt;
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

33. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its representations and statements directed to Plaintiff during its conversation with her by attempting to collect the subject debt despite omitting the disclosure of material information to Plaintiff regarding the subject debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

---

[2] http://www.acainternational.org/search#memberdirectory

34. Defendant knew, or should have known, that the subject debt was time-barred, but yet, Defendant failed to provide any disclosure of the same – and/or the legal implications of the same – to Plaintiff.

35. Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that she would waive her rights and affirmative defenses under the law by making a payment and/or promising to make a payment.

36. Plaintiff was unable to adequately determine the character and legal status of the subject debt based upon Defendant's representations and/or omissions directed to her during her conversation with its representative, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debt.

37. As an experienced debt collector, Defendant knows that its representation to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt.

38. Defendant had an obligation to accurately alert Plaintiff as to her rights with respect to the subject time-barred debt, however, Defendant skirted this obligation with deceptive and misleading representations and/or omissions.

### ii.  Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated § 1692f through its unfair efforts to collect upon the subject debt. Despite the time-barred status of the subject debt, Defendant unconscionably failed to apprise Plaintiff of this federally-mandated disclosure, as well as of the fact that it could not sue her to

collect.  Defendant also failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.  Defendant engaged in this conduct in an effort to mislead Plaintiff into making a payment and to ultimately cause her unwarranted financial harm by restarting the applicable statute of limitations.

41. As set forth in paragraphs 20 through 25, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, MARY A. EWALT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 16th day of September, 2021.          Respectfully Submitted,

 */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Mary A. Ewalt*